UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
William H. Walls
  District Judge
  _____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION

MEMORANDUM

ORIGINAL ON FILE WITH CLERK OF COURT

August 16, 2007

Appearances:

Stephen Wortman
127741/Med A310
Union County Jail
15 Elizabethtown Plaza
Elizabeth, NJ 07207
*Pro Se*

Christopher M. Howard
Union County Counsel
Union County Administration Building, 6thFloor
Elizabethtown Plaza
Elizabeth, NJ 07207
*Attorney for Defendant*

Re:   Wortman v. Beglin, et al; No. 03-495 (WHW)
      No. 03-495 (WHW)
      Appeal of Magistrate Hedges' January 11, 2007 Scheduling Order

Dear Litigants:

This matter comes before the Court on appeal by Plaintiff Stephen Wortman from

Magistrate Judge Hedges' January 11, 2007 Scheduling Order. Pursuant to Fed. R. Civ. P. 78, the Court decides this appeal without oral argument. Judge Hedges' order is affirmed.

## FACTS AND PROCEDURAL HISTORY

On August 13, 2007, Plaintiff filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, denial of his right of access to the court, denial of recreation, and denial of a wheelchair while incarcerated at Union County Jail. On August 12, 2003, this Court dismissed all counts against all Defendants with the exception of Plaintiff's claim alleging denial of recreation against Defendant Union County Jail Director Crose and his claim alleging denial of a wheelchair against Union County Jail Medical Director West. The Complaint against West was dismissed on March 9, 2005.

For the last three years, the parties have been engaged in discovery. On February 6, 2006, then Magistrate Judge Wigenton issued a scheduling order stating that: (1) discovery should concluded by April 3, 2006; (2) Plaintiff should be deposed by April 3, 2006; (3) Defendant should provide answers to interrogatories by April 3, 2006; and (4) all dispositive motions should be filed by May 6, 2006. On December 21, 2006, Magistrate Judge Hedges issued a Scheduling Order. On January 9, 2007, counsel for Defendant Crose wrote a letter to the court requesting additional time for the completion of discovery, in particular Mr. Wortman's deposition, in light of the fact that discovery stalled during the criminal proceedings against Mr. Wortman. In response to this letter, on January 11, 2007, Judge Hedges modified his scheduling order, allowing discovery to be extended to March 2, 2007.

On January 30, 2007, Plaintiff, appearing pro se, sent a letter to Judge Hedges indicating that Defendants had not complied with all of his discovery requests. Plaintiff requested that

Defendants not be permitted to take his deposition until five days after he had received answers to his interrogatories. Plaintiff further asked for permission to serve ten additional interrogatories. On the same day, Plaintiff mailed a letter to Judge Walls, styled as an appeal of Judge Hedges' Order. The motion specifically asks this Court to order Defendant Crose's attorney Christopher M. Howard to "finalize his discovery issue before requesting to take a third deposition" and that defendants postpone "taking deposition until the (10) ten additional questions are answered by their Attorney Christopher M. Howard, Esq." That appeal is the subject of the present Memorandum.

## STANDARD OF REVIEW

The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, see 28 U.S.C. § 636(b)(1)(B)-(C), and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Rule 72.1(a) of the Local Rules of the United States District Court for the District of New Jersey; Cipollone v. Liggett Group, Inc., 785 F.2d 1108 (3d Cir. 1986). Because the issue raised by Appellants is a nondispositive matter, this Court can set aside Magistrate Judge Hedges' order only if it is clearly erroneous or contrary to law.

A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Engineering Ltd., 891 F.Supp. 1035, 1037 (D.N.J.1995) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)).

The Third Circuit has interpreted this to mean that the reviewing court must accept the

factual determination of the fact finder unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." Haines v. Liggett Group Inc., 975 F.2d 81, 92 (3d Cir. 1992) (quoting Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir.1972)). Under the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination "even if the court might have decided the matter differently." Cardona v. General Motors Corp., 942 F. Supp. 968, 971 (D.N.J. 1996) (quoting Toth v. Alice Pearly, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985)). In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge. See Haines, 975 F.2d at 92; Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997).

## DISCUSSION

Plaintiff's January 30, 2007 letter to this Court appears to be an appeal of Judge Hedges' January 11, 2007 Scheduling Order. That Order extended the time for discovery and the due date of pre-trial submissions. Nothing in Plaintiff's letter suggests that anything in Judge Hedge's order was clearly erroneous or contrary to law. Rather, the order appears to have been a rational exercise of the magistrate's discretion. Plaintiff in essence asks this Court to intervene in discovery matters and to resolve ongoing disputes between himself and Defendants. This is not the role of the District Judge. Plaintiff should address any concerns he has with the discovery schedule to the magistrate judge.

Furthermore, it should be noted that many of Plaintiff's concerns are now moot. On February 5, 2007, Judge Hedges ordered Defendant Crose to turn over the previously requested

discovery. As Magistrate Judge Arleo's July 19, 2007 Order indicates, Defendant Crose has since provided and served answers to Plaintiff's interrogatories.

## CONCLUSION

It is on this 16th day of August, 2007,

ORDERED that Plaintiff's appeal is denied and Judge Hedges' January 11, 2007 Scheduling Order is affirmed.

   s/ William H. Walls
**William H. Walls, U.S.S.J.**