# UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>District Judge<br>_____<br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

NOT FOR PUBLICATION

MEMORANDUM

ORIGINAL ON FILE WITH CLERK OF COURT

June 2, 2008

Re:    Stephen Wortman v. E. W. Beglin, et al.
       No. 03-0495
       Plaintiff's Pro Se Application for Extension of Time, Pro Bono Counsel and Sanctions

Dear Litigants:

This matter comes before the Court on Plaintiff Stephen Wortman's pro se motion for sanctions for non-compliance with this Court's April 15, 2008 Order and Plaintiff's application for an extension of time to oppose Defendant Frank Crose's motion for summary judgment and for the appointment of pro bono counsel.

**PROCEDURAL HISTORY AND DISCUSSION**

Plaintiff Stephen Wortman brought this action against, among others, Defendant Frank Crose, Union County Jail Director, and Defendant Patricia West, Union County Jail Medical Director. On August 13, 2003, this Court dismissed Plaintiff's complaint in its entirety against

defendants Judge Beglin, NJ DOC Commissioner, Sheriff Froelich, Prosecutor Romankow, Elizabeth Police Chief Simon and the Union County Board of Freeholders for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court also dismissed Plaintiff's claim alleging retaliation, harassment, denial of due process, and denial of access to the courts and law library as against all defendants for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Court allowed Plaintiff's claim alleging denial of recreation as against Defendant Crose and Plaintiff's claim alleging denial of a wheelchair as against Defendant West to survive the motion to dismiss stage. On March 8, 2005, the Court granted Defendant West's motion to dismiss the Complaint but denied Defendant Crose's motion to dismiss the Complaint. The only surviving claim is Plaintiff's claim against Defendant Crose.

Defendant Crose filed his motion for summary judgment on August 30, 2007. Since then, Plaintiff Wortman has applied to this Court for an extension to time to oppose the motion and for appointment of pro bono counsel. On October 16, 2007, the Court granted Plaintiff a 30-day extension but denied his request for pro bono counsel. On November 29, 2007 and March 14, 2008, Plaintiff complained that the "Administration" of the New Jersey State Prison in Trenton, New Jersey had confiscated all Plaintiff's legal papers and references. On March 18, 2008, this Court directed the New Jersey State Prison to "show cause in writing before the Court by April 7, 2008, why the Court should not order the immediate return of Plaintiff's 'legal work' and 'law books.'" (Dkt. Entry No. 79.)

On April 15, 2008, the Court ordered that "the New Jersey State Department of Corrections shall retrieve Plaintiff's boxes from the storage facility each time Plaintiff requests access to those boxes for his litigation of this matter, provided that Plaintiff gives 24 hours

notice." (Dkt. Entry No. 83.) The Court also ordered that "Plaintiff shall have 45 days from the date of this Order to respond to Defendant Frank M. Crose's motion for summary judgment." (Id.) Plaintiff's opposition is due on May 30, 2008.

On April 28, 2008, Plaintiff filed a motion for sanctions for non-compliance to this Court's April 15, 2008 Order. In Plaintiff's motion, Plaintiff alleges that he served notice to a Sergeant Sean Davis on April 21, 2008 for the return of Plaintiff's property in order for him to properly respond to Defendant's motion for summary judgment. Plaintiff alleges that he made three separate requests for access to his "legal property." Plaintiff claims that Defendants have not returned nor given him access to his "legal property." Defendant has not responded to Plaintiff's motion for sanctions.

However, in Plaintiff's May 20, 2008 application for an extension of time to oppose Defendant Crose's motion for summary judgment and for pro bono counsel, Plaintiff acknowledges that he was granted access to his "legal property" after his third request to Sergeant Davis. (Dkt. Entry No. 80, p. 10.) In Plaintiff's May 20, 2008 Application, Plaintiff states that he is in a wheelchair and has difficulty reaching his "legal property," which is kept in fifteen boxes. It seems that after Plaintiff's motion for sanctions, Plaintiff was given delayed access to his "legal property."

Given that Plaintiff had late access to his "legal property," that he has difficulty reaching his "legal property" from his wheelchair, the Court finds that it is appropriate to grant Plaintiff one final extension to oppose Defendant's motion for summary judgment. However, the facts do not support Plaintiff's motion for sanctions because he did have access to his "legal property," albeit late. Accordingly, Plaintiff's motion for sanctions is denied, but his request for an extension is granted.

As to Plaintiff's request for pro bono counsel, the Court reiterates its belief that the dispute between Plaintiff Wortman and Defendant Crose is fact-based. Plaintiff Wortman can support his claim alleging denial of recreation as against Defendant Crose by arguing the facts. Accordingly, Plaintiff's request for pro bono counsel is denied.

## CONCLUSION

It is on this 2nd day of June, 2008,

ORDERED that Plaintiff's motion for sanctions be and is hereby DENIED for mootness; and It is further

ORDERED that Plaintiff's request for the appointment of pro bono counsel be and is hereby DENIED; and It is further

ORDERED that Plaintiff's request for an extension of time be GRANTED; and It is further

ORDERED that Plaintiff shall file his opposition to Defendant Crose's motion for summary judgment within 45 days of this Order.

    s/ William H. Walls
**William H. Walls, U.S.S.J.**