# UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

ORIGINAL ON FILE WITH CLERK OF COURT

November 17, 2008

Stephen Wortman/480784
New Jersey State Prison
P.O. Box 861
3$_{rd}$ and Federal Streets
Trenton, NJ 08625-0861

Christopher M. Howard, Esq.
Union County Law Department
Administration Building 6$_{th}$ Floor.
Elizabeth, NJ 07207

Stephen E. Siegrist, Esq.
Murphy & O'Connor, LLP
Commerce Center
1810 Chapel Avenue West Suite 130
Cherry Hill, NJ 08002-4607

**Re:    Stephen Wortman v. E. W. Beglin, et al.**; No. 03-0495

Dear Litigants:

      Defendant Frank Crose has moved for summary judgment.  Plaintiff Stephen Wortman requests an extension of time to oppose Defendant Frank Crose's motion for summary judgment and for the appointment of pro bono counsel.  For reasons stated below, the Court dismisses the

1

Complaint for mootness.

## PROCEDURAL HISTORY AND DISCUSSION

Plaintiff Stephen Wortman brought this action against, among others, Defendant Frank Crose, Union County Jail Director, and Defendant Patricia West, Union County Jail Medical Director. On August 13, 2003, this Court dismissed Plaintiff's complaint in its entirety against defendants Judge Beglin, NJ DOC Commissioner, Sheriff Froelich, Prosecutor Romankow, Elizabeth Police Chief Simon and the Union County Board of Freeholders for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). (Order, at 2 (No. 4).) The Court also dismissed Plaintiff's claim alleging retaliation, harassment, denial of due process, and denial of access to the courts and law library as against all defendants for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (Id.)

The Court allowed Plaintiff's claim alleging denial of recreation as against Defendant Crose and Plaintiff's claim alleging denial of a wheelchair as against Defendant West to survive the motion to dismiss stage. (Id. at 3.) On March 8, 2005, the Court granted Defendant West's motion to dismiss the Complaint but denied Defendant Crose's motion to dismiss the Complaint. (Order (No. 43).) The only surviving claim is Plaintiff's claim against Defendant Crose.

Defendant Crose filed his motion for summary judgment on August 30, 2007. (Mot. (No. 72).) Since then, Plaintiff Wortman has repeatedly applied to this Court for appointment of pro bono counsel and for extensions of time to oppose Defendant's motion. The Court denied Plaintiff's applications for appointment of pro bono counsel because Plaintiff has demonstrated that he is able to represent himself in this matter. In addition, Plaintiff had not presented additional facts that would support his renewed applications for counsel after the Court had

denied his initial application.  The Court granted Plaintiff's request for extension of time on October 16, 2007 and again on April 15, 2008.  On June 2, 2008, the Court granted Plaintiff a final extension of time to oppose Defendant's motion by July 14, 2008.  (Order (No. 91).)  To date, Plaintiff has not filed his opposition.  However, he has submitted two additional requests for pro bono counsel and letters alleging that "officers under the direction of N.J.D.O.C [New Jersey Department of Corrections]" have assaulted him, confiscated his legal materials, and destroyed pages of his opposition to the summary judgment motion.  (Nos. 92-95.)

      The Court is troubled by Plaintiff's latest allegations of abuse.  However, allowing Plaintiff additional time to oppose Defendant's motion or appointing pro bono counsel will not remedy his grievances against the state prison officials.  As the Court stated earlier, the Court cannot entertain these claims because Plaintiff has failed to amend the Complaint to include these claims or to join any state prison officials in this action.  (Order (No. 23).)

      Plaintiff's sole surviving claim is the denial of recreation claim against Defendant Frank Crose, Union County Jail Director.  Plaintiff seeks injunctive relief requiring Defendant to provide him recreation; the Complaint does not contain a prayer for damages. Since the institution of this suit, however, Plaintiff has been transferred from Union County Jail Facility located in Elizabeth to the New Jersey State Prison in Trenton.  Plaintiff's claim is, therefore, moot since an injunction directed to Defendant Crose would not provide any meaningful relief to Plaintiff.  See Burns v. Penn. Dept. of Correction, 544 F.3d 279, 283 (3d Cir. 2008).  Accordingly, the Court dismisses the Complaint as moot.

## CONCLUSION

It is on this 17th day of November 2008,

**ORDERED** that Plaintiff's Complaint is **DISMISSED**; and It is further

**ORDERED** that Defendant Crose's motion for summary judgment is **DENIED** as moot.

__s/ William H. Walls__
United States Senior District Judge
